# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RADWAN BASSAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-657-D |
| | ) | |
| SCARLET GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Radwan Bassam filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner challenges his re-detention by the United States Immigration and Custom Enforcement ("ICE") on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining Petitioner. Respondents filed a Response in Opposition [Doc. No. 8], and Petitioner filed a Reply [Doc. No. 9]. The matter was referred to United States Magistrate Judge Chris M. Stephens, pursuant to 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 4].

On May 29, 2026, the magistrate judge issued a Report and Recommendation ("Report") [Doc. No. 10], in which he recommends that Petitioner's petition be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, and further recommends that Petitioner be released from custody immediately, subject to an appropriate Order of Supervision. *Id.* On June 5, 2026, Respondents filed an Objection to the Report. [Doc. No. 11]. Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the

1

recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In the Report, the magistrate judge provided the following factual background, which was not contested by the parties. Petitioner is a citizen of Syria who unlawfully entered the United States in 2023. [Doc. No. 10, at p. 2]. He was apprehended by a Department of Homeland Security ("DHS") Customs and Border Patrol ("CBP") agent who found him inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* Pursuant to 8 U.S.C. § 1225(b)(1)(A)(i), the CBP officer issued an expedited order of removal against Petitioner. *Id.* An asylum officer found that he did not have a credible fear, and thus, the removal order was sustained. *Id.* On January 8, 2024, an immigration judge affirmed DHS's credible fear determination. *Id.* On that same day, Petitioner's order of removal became administratively final. *Id.*

On June 4, 2024, Petitioner was released pursuant to an Order of Supervision ("OOS"). *Id.* Petitioner asserts, and Respondents do not contest, that he was released because ICE determined his removal to Syria was not reasonably foreseeable. *Id.* On January 20, 2026, ICE re-detained Petitioner when he appeared for a routine check-in under his OOS. *Id.* Respondents have declared that Petitioner was re-detained because he "was subject to a final order of removal." [Doc. No. 8-1, at ¶ 6]. On February 18, 2026, a Travel Document Request was sent to the Embassy of Syrian Arab Republic in Washington D.C. and remains pending. [Doc. No. 10, at p. 4]. Petitioner is currently detained at Cimarron Correctional Facility in Cushing, Oklahoma. *Id.*

In the Report, the magistrate judge concluded that the court has jurisdiction to review the Petition and that ICE failed to abide by its regulations when it revoked Petitioner's OOS. Specifically, the magistrate judge agreed with Petitioner that ICE failed to comply with 8 C.F.R. § 241.13(i) because ICE failed to appropriately "determine[] that there is a significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future." [Doc. No. 10, at p. 15]. Section 241.13(i) governs revocations of release, providing in relevant part:

> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. …

8 C.F.R. § 241.13(i)(2).

The magistrate judge determined that ICE violated § 241.13(i)(2), noting that "[t]he record evidence here, however, shows ICE failed to make an individualized determination regarding the significant likelihood of Petitioner's removal based on changed circumstances." [Doc. No. 10, at p. 15].[1] The magistrate judge further noted that Respondents' declaration—provided approximately 3 months after Petitioner's detention—merely states that Petitioner was re-detained "because he had a final order of removal," and the Notice of Revocation of Release provided that his case was "under current review by Syria for the issuance of a travel document." *Id.* at p. 15. However, the magistrate judge provides that having a final order of removal alone is not sufficient to

---

[1] Due to this finding, the magistrate judge did not consider Petitioner's remaining arguments for habeas relief.

3

show that ICE "determine[d] there was a significant likelihood that the alien may be removed in the foreseeable future." *Id.* at p. 15-16. Moreover, the magistrate judge explained that the record is "devoid of evidence as to specific actions the Syrian government could have been taking for a 'current review' of Petitioner's case" when he was re-detained. *Id.* Specifically, the magistrate judge notes that Respondents failed to address Petitioner's assertions that there had not been a change in circumstances because there are no reparation flights to Syria due to the ongoing conflict and because the necessary travel documents have not been obtained, despite having six months to do so. *Id.* at p. 15-18.

In their Objection, Respondents assert that the Court lacks jurisdiction to review ICE's decision to re-detain an individual for purposes of executing a removal order. [Doc. No. 11, at p. 2-3]. The Court agrees with the magistrate judge's determination that this Court has jurisdiction to consider the Petition. Indeed, as the undersigned has previously found, 8 U.S.C. § 1252(g) does not jurisdictionally bar the Court's consideration of Petitioner's Petition. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *see also Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) (same).

Additionally, Respondents assert that even if they violated applicable regulations, "release is not the appropriate remedy" because "the harmless error standard applies."

4

[Doc. No. 11, at p. 3-4] (citing *Bahadorani v. Bondi*, NO. CIV-25-1091-PRW, 2025 WL 3048932, at *2 (W.D. Okla. Oct. 31, 2025)). However, in *Bahadorani*, Judge Wyrick distinguished Bahadorani's case from *Roble v. Bondi*, in which the court found that "the Government plainly failed to meet its burden to show that, 'on account of changed circumstances … there is a significant likelihood that [the alien] may be removed in the reasonably foreseeable future.'" *Id.* at *3 (citing *Roble v. Bondi*, 803 F. Supp. 3d 766, 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025)). Judge Wyrick explained that the government's failure in *Roble* "was a serious substantive defect in the government's detention of the petitioner in that case, beyond a mere failure to follow the regulation to a T— a substantive defect not present here." *Id.*

Finding the present case more akin to the substantive allegations of *Roble*, the Court finds that the magistrate judge appropriately placed the burden on Respondents to establish that, on account of changed circumstances, there is a significant likelihood of removal in the reasonably foreseeable future, pursuant to 8 C.F.R. § 241.13(i)(2). *See Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) ("The Court finds the magistrate judge correctly placed the burden on Respondents to establish a significant likelihood of removal in the reasonably foreseeable future in the context of re-detention under § 241.13(i)(2)."); *Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 3485420, at *2 (W.D. Okla. Dec. 4, 2025) (same); *Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454, at *4 (W.D. Okla. Dec. 1, 2025) (finding the respondents' assertions of a mere likelihood that petitioner could be removed "inadequate to satisfy § 241.13(i)(2)").

Respondents further contend that "failure to comply with a *regulation* cannot be a basis for relief under 28 U.S.C. § 2241(c)(3)." [Doc. No. 11, at p. 4] (original emphasis). However, the Court agrees with the magistrate judge that ICE's failure to abide by its own regulations in making the decision to revoke Petitioner's OOS renders the revocation unlawful, and that his release is therefore appropriate under 28 U.S.C. § 2241(c)(3). [Doc. No. 10, at p. 19-20]. *See also Ye*, 2025 WL 3485420, at *3 (rejecting respondents same argument and finding release appropriate under 28 U.S.C. § 2241(c)(3)); *Pham*, 2025 WL 3243870, at *2 (failure to demonstrate changed circumstances justifying re-detention, as required by § 241.13(i)(2), amounts to a due process violation, entitling the petitioner to habeas relief).

For these reasons, the magistrate judge's Report and Recommendation [Doc. No. 10] is **ADOPTED** to the extent that the failure to adhere to 8 C.F.R. § 241.13(i)(2) compels habeas relief under the circumstances of this case.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** to the extent it requests habeas relief pursuant to 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision. Respondents

---

[2] Nothing herein should be construed to foreclose the actual receipt of a travel document from Syria regarding Petitioner as the type of changed circumstance that would allow for compliance with § 241.13(i)(2).

shall submit a declaration, pursuant to 28 U.S.C. § 1746, within 3 days of the date of this

Order, affirming Petitioner's release from custody.

**IT IS SO ORDERED** this 25th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE